1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEFFREY DICKERSON,                    No.  2:24-cv-0895 SCR P

12              Plaintiff,

13        v.                               ORDER

14   B. WHEELER, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C.

18   §1983.  Before the court are plaintiff's complaint for screening and plaintiff's motion to proceed

19   in forma pauperis.  For the reasons set forth below, this court grants plaintiff's motion to proceed

20   in forma pauperis, finds plaintiff states no claims for relief cognizable under §1983, and dismisses

21   the complaint with leave to amend.

22                              **IN FORMA PAUPERIS**

23        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

24   §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

25        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

26   §§1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   accordance with the provisions of 28 U.S.C. §1915(b)(1).  By separate order, the court will direct

28   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §1915(b)(2).

## SCREENING

### I.   Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

2

1   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

2   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3         Section 1983, enacted as part of the Civil Rights Act of 1871, requires that there be an

4   actual connection or link between the actions of the defendants and the deprivation alleged to

5   have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978);

6   Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by

7   alleging facts showing:  (1) a defendant's "personal involvement in the constitutional

8   deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly

9   refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should

10  have known would cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202,

11  1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

12  **II.    Discussion**

13      **A. Plaintiff's Allegations**

14        Plaintiff is incarcerated at High Desert State Prison ("HDSP").  He complains of conduct

15  that occurred there in 2023 and early 2024.  Plaintiff identifies as defendants ADA Coordinator B.

16  Wheeler and HDSP.

17        Plaintiff alleges the following.  He is disabled under the Americans with Disabilities Act

18  ("ADA") because he requires a wheelchair and has vision and hearing impairments.  The "B"

19  yard where he is housed has many ADA inmates.  Twice in ten months, plaintiff was unable to

20  use the only bathroom on the yard because it was inoperable and he ended up having a bowel

21  movement in his pants.  Plaintiff states that he made numerous requests to prison officials,

22  including defendant Wheeler, about the lack of a bathroom.

23        For relief, plaintiff seeks an order requiring HDSP to fix the bathrooms in the B yard.  In

24  addition, plaintiff seeks monetary damages.

25      **B. Does Plaintiff State Claims Cognizable under §1983?**

26          **1. Americans with Disabilities Act**

27            **a. Legal Standards**

28        Title II of the ADA provides that "no qualified individual with a disability shall, by reason

of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132.  Title II authorizes suits by private citizens for money damages against public entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity,'" Pennsylvania Dept. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).  The proper defendant in an ADA action is the public entity responsible for the alleged discrimination. Georgia, 546 U.S. at 153.

"A disability discrimination claim may be based on 'one of three theories of liability: disparate treatment, disparate impact, or failure to make a reasonable accommodation.'" Payan v. Los Angeles Community College District, 11 F.4th 729, 738 (quoting Davis v. Shah, 821 F.3d 231, 260 (2d Cir. 2016)).  In contrast to a Title II disparate impact claim, which "is focused on modifying a policy or practice to improve systemic accessibility," a Title II "reasonable accommodation claim is focused on an accommodation based on an individualized request or need[.]" Id.

"Generally, public entities must 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" Pierce v. County of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. §35.130(b)(7)).  The state is responsible for providing inmates with "the fundamentals of life, such as sustenance, the use of toilet and bathing facilities, and elementary mobility and communication," and as such, the ADA requires that these "opportunities" be provided to disabled inmates "to the same extent that they are provided to all other detainees and prisoners." Armstrong v. Schwarzenegger, 622 F.3d 1058, 1068 (9th Cir. 2010); see also Pierce, 526 F.3d at 1220 (finding ADA violation where defendant failed to articulate "any legitimate rationale for maintaining inaccessible bathrooms, sinks, showers, and other fixtures in the housing areas and commons spaces assigned to mobility- and dexterity-impaired detainees").

4

To state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1265 (9th Cir. 2004); <u>see also</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

Furthermore, "[t]o recover monetary damages under Title II of the ADA … a plaintiff must prove intentional discrimination on the part of the defendant."  <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1138 (9th Cir. 2001).  The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."  <u>Id.</u> at 1139.  The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that the defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness."  <u>Id.</u> at 1140.

### b.  Does Plaintiff State a Cognizable ADA Claim?

Plaintiff adequately alleges that he is disabled under the ADA.  Plaintiff does not, however, allege facts showing that he was discriminated against based on his disability.  For example, plaintiff does not explain how his disability impacted his ability to access a bathroom while on the B yard.  Nor does he describe with any specificity his communication with prison staff about his concerns and whether prison staff made any attempts to provide accommodations to plaintiff or otherwise address his concerns.  Moreover, while plaintiff alleges that about half the inmates on B yard were disabled, Plaintiff does not allege that non-disabled inmates on B yard had access to a bathroom while plaintiff and other disabled inmates did not.  Nor does plaintiff allege that the lack of a working bathroom on the yard was especially difficult for disabled inmates.  Plaintiff will be given an opportunity to file an amended complaint to attempt to address

5

1    these factual deficiencies, should he choose to do so.

2                              **2. Eighth Amendment**

3         Plaintiff's allegations can also be construed as an attempt to allege a claim that prison

4    conditions violated plaintiff's Eighth Amendment rights.

5                              **a.    Legal Standards**

6         The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

7    Const. amend. VIII.  To state a claim of cruel and unusual punishment, a prisoner must allege that

8    objectively he suffered a sufficiently serious deprivation and that subjectively prison officials

9    acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v.

10   Seiter, 501 U.S. 294, 298-99 (1991).

11        "[A] prison official may be held liable under the Eighth Amendment for denying humane

12   conditions of confinement only if he knows that inmates face a substantial risk of serious harm

13   and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan,

14   511 U.S. 825, 847 (1994).  That is, "the official must both be aware of facts from which the

15   inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

16   inference."  Id. at 837.

17        With respect to plaintiff's claim of unsanitary conditions, the Ninth Circuit and district

18   courts in this circuit have held that unsanitary conditions for a prolonged period of time rise to the

19   level of an Eighth Amendment violation.  See Anderson v. County of Kern, 45 F.3d 1310, 1314

20   (9th Cir.) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain

21   within the meaning of the Eighth Amendment."), amended on other grounds, 75 F.3d 448 (9th

22   Cir. 1995); see also Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (unconstitutional

23   prison conditions claim where the inmate alleged serious health hazards in disciplinary

24   segregation yard for a period of nine months, including toilets that did not work, stagnant pools of

25   water infested with insects, and a lack of cold water when the prison yard exceeded 100 degrees).

26   However, even exposure to severely unsanitary conditions for as few as three days has been held

27   to be a potential Eighth Amendment violation.  See McBride v. Deer, 240 F.3d 1287, 1291-92

28   (10th Cir. 2001) (vacating Rule 12(b)(6) dismissal where plaintiff alleged he was forced to live in

                                              6

1    "feces-covered cell" for three days); <u>Young v. Quinlan</u>, 960 F.2d 351, 355-56, 363-65, (3rd Cir.

2    1992) (reversing summary judgment for defendants where inmate was moved to "dry cell"

3    without working toilet for 96 hours and forced to urinate and defecate in his cell), <u>superseded by</u>

4    <u>statute on other grounds as stated in</u> <u>Nyhuis v. Reno</u>, 204 F.3d 65, 71 n. 7 (3rd Cir. 2000).

5                    **b.  Does Plaintiff State a Cognizable Eighth Amendment Claim?**

6            Plaintiff's allegations do not rise to the level of an Eighth Amendment violation.  Plaintiff

7    does not allege facts showing how long he was deprived of access to a bathroom each day or

8    during what period of time that deprivation lasted.  Nor do plaintiff's allegations show that the

9    unsanitary conditions were severe.  Further, plaintiff does not show just what defendant Wheeler

10   knew, when he knew it, or whether Wheeler had the ability to take action to have the bathroom

11   repaired.  Plaintiff may attempt to state an Eighth Amendment claim in an amended complaint.

12                                    **CONCLUSION**

13           This court finds above that plaintiff fails to state any claims for relief cognizable under

14   §1983.  This court will dismiss the complaint and give plaintiff leave to file an amended

15   complaint.

16           In an amended complaint, plaintiff must address the problems with his complaint that are

17   explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each

18   defendant and the action that defendant took that violated his constitutional rights.  The court is

19   not required to review exhibits to determine what plaintiff's charging allegations are as to each

20   named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the

21   complaint.  The charging allegations must be set forth in the amended complaint so defendants

22   have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

23   detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of

24   each claim.  <u>See</u> Fed. R. Civ. P. 8(a).

25           Any amended complaint must show the federal court has jurisdiction, the action is brought

26   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

27   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

28   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

1  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a person deprives another of a

2  constitutional right if that person was personally involved in the deprivation, set in motion acts by

3  others that resulted in the deprivation, or refused to terminate acts by others that resulted in the

4  deprivation). "Vague and conclusory allegations of official participation in civil rights violations

5  are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

6       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

7  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

8  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

9  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

10       The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

11  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

12  heightened pleading standard in cases other than those governed by Rule 9(b)"); cf. Rule 9(b)

13  (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short

14  and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506,

15  514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to

16  focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

17       An amended complaint must be complete in itself without reference to any prior pleading.

18  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

19  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

20  evidentiary support for his allegations, and for violation of this rule the court may impose

21  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

22       For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

23  follows:

24       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

25       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

26  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).

27  All fees shall be collected and paid in accordance with this court's order to the Director of the

28  California Department of Corrections and Rehabilitation filed concurrently herewith.

1      3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

2      4.  Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

      5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: August 12, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE