UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DICKERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN, et al.,<br><br>    Defendants. | No.  2:24-cv-0895 SCR P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  Before the court is plaintiff's first amended complaint for screening.  For the reasons set forth below, this court finds plaintiff states a minimally sufficient claim under the Americans with Disabilities Act against the Warden but states no other claims for relief cognizable under §1983.  Plaintiff will be given the choice of proceeding immediately on his ADA claim or filing a second amended complaint.

**SCREENING**

**I.    Legal Standards**

As described in the court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. §1983.  28 U.S.C. §1915A(a).  The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted). A court shall dismiss a complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(b)(1).

## II. Discussion

### A. Plaintiff's Allegations in the First Amended Complaint (ECF No. 17)

Plaintiff is incarcerated at High Desert State Prison ("HDSP"). Plaintiff identifies as defendants the Warden of HDSP and Chief Medical Executive Dr. Kevin Reuter.

Plaintiff's first amended complaint is somewhat difficult to read. As best the court can tell, plaintiff alleges the following: Plaintiff is disabled under the Americans with Disabilities Act ("ADA") because he requires a wheelchair and has a prosthetic leg. The B-yard did not have toilets until plaintiff complained. Plaintiff states that he "often fell down attempting to get inside." Because he did not have access to a toilet, plaintiff urinated and defecated on himself. Staff denied him a shower after he defecated on himself.

Plaintiff alleges that that his physical disabilities require that he have treatment with "constant exercise." Defendants deprived him of medical care because he was forced to choose between getting exercise in the yard and staying inside where he had access to a bathroom. Defendants told plaintiff they could not accommodate his disabilities at HDSP.

While the court is not required to review exhibits to determine plaintiff's claims, this court has briefly reviewed the many attachments to the "Memorandum of Points and Authorities by the Petitioner" filed with plaintiff's complaint. (ECF No. 17-1.) The attachments involve plaintiff's complaints about a host of health issues and about the lack of a toilet on B yard. At least two attachments appear to involve plaintiff's complaints about the lack of a toilet. Plaintiff attaches

copies of the Institutional Level responses, signed by defendant Reuter, denying plaintiff's grievances regarding the lack of a toilet on the B yard for over a year. (ECF No. 17-1 at 5-9, 39-43.) In another attachment, apparently part of a grievance, plaintiff states that the prosthetic leg does not fit, requiring him to be in a wheelchair. He indicates that if he received appropriate physical therapy, he would not require a wheelchair. (Id. at 38.)

For relief, plaintiff seeks an injunction requiring a transfer to an appropriate prison and compensatory and punitive damages.

### B. Does Plaintiff State Claims Cognizable under §1983?

#### 1. Americans with Disabilities Act

##### a. Legal Standards

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132. Title II authorizes suits by private citizens for money damages against public entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity,'" Pennsylvania Dept. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The proper defendant in an ADA action is the public entity responsible for the alleged discrimination. Georgia, 546 U.S. at 153.

"A disability discrimination claim may be based on 'one of three theories of liability: disparate treatment, disparate impact, or failure to make a reasonable accommodation.'" Payan v. Los Angeles Community College District, 11 F.4th 729, 738 (quoting Davis v. Shah, 821 F.3d 231, 260 (2d Cir. 2016)). In contrast to a Title II disparate impact claim, which "is focused on modifying a policy or practice to improve systemic accessibility," a Title II "reasonable accommodation claim is focused on an accommodation based on an individualized request or need[.]" Id.

"Generally, public entities must 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of

3

disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" Pierce v. County of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. §35.130(b)(7)). The state is responsible for providing inmates with "the fundamentals of life, such as sustenance, the use of toilet and bathing facilities, and elementary mobility and communication," and as such, the ADA requires that these "opportunities" be provided to disabled inmates "to the same extent that they are provided to all other detainees and prisoners." Armstrong v. Schwarzenegger, 622 F.3d 1058, 1068 (9th Cir. 2010); see also Pierce, 526 F.3d at 1220 (finding ADA violation where defendant failed to articulate "any legitimate rationale for maintaining inaccessible bathrooms, sinks, showers, and other fixtures in the housing areas and commons spaces assigned to mobility- and dexterity-impaired detainees").

To state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

Furthermore, "[t]o recover monetary damages under Title II of the ADA … a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that the defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

### b. Does Plaintiff State a Cognizable ADA Claim?

Plaintiff adequately alleges that he is disabled under the ADA. This court further finds plaintiff's allegations are minimally sufficient to state an ADA claim that HDSP's lack of a bathroom on the B yard for a year deprived plaintiff of the ability to use the yard. That deprivation was based on plaintiff's disability. Plaintiff made HDSP aware of these problems through grievances. While the appropriate defendant in an ADA action is the public entity, plaintiff's identification of the Warden, acting in his official capacity, as a defendant is appropriate. Plaintiff will be permitted to proceed on his ADA claim against the Warden.

### 2. Eighth Amendment

#### a. Legal Standards

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To state a claim of cruel and unusual punishment, a prisoner must allege that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

With respect to plaintiff's claim of unsanitary conditions, the Ninth Circuit and district courts in this circuit have held that unsanitary conditions for a prolonged period of time rise to the level of an Eighth Amendment violation. See Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir.) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), amended on other grounds, 75 F.3d 448 (9th Cir. 1995); see also Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (unconstitutional prison conditions claim where the inmate alleged serious health hazards in disciplinary

1  segregation yard for a period of nine months, including toilets that did not work, stagnant pools of
2  water infested with insects, and a lack of cold water when the prison yard exceeded 100 degrees).
3  However, even exposure to severely unsanitary conditions for as few as three days has been held
4  to be a potential Eighth Amendment violation.  See McBride v. Deer, 240 F.3d 1287, 1291-92
5  (10th Cir. 2001) (vacating Rule 12(b)(6) dismissal where plaintiff alleged he was forced to live in
6  "feces-covered cell" for three days); Young v. Quinlan, 960 F.2d 351, 355-56, 363-65, (3rd Cir.
7  1992) (reversing summary judgment for defendants where inmate was moved to "dry cell"
8  without working toilet for 96 hours and forced to urinate and defecate in his cell), superseded by
9  statute on other grounds as stated in Nyhuis v. Reno, 204 F.3d 65, 71 n. 7 (3rd Cir. 2000).

**b.  Does Plaintiff State a Cognizable Eighth Amendment Claim?**

With respect to plaintiff's allegations that he was deprived of a bathroom, plaintiff again fails to state an Eighth Amendment claim for relief.  Plaintiff makes only vague references to falling, and does not explain how that relates to the lack of a bathroom on the yard.  With respect to plaintiff's allegation of unsanitary conditions, in the attachments to his complaint, plaintiff indicates that he defecated on himself once.  This is insufficient to show plaintiff was subjected to unsanitary conditions for a prolonged period of time.  Plaintiff's claims regarding the denial of a bathroom are more appropriately brought under the ADA.

With respect to plaintiff's contention that he was deprived of medical care because he could not use the yard, plaintiff fails to show just what medical care he required and how the actions of each defendant amounted to a denial of that medical care.  Plaintiff's allegation that he needs "constant" exercise is not sufficient.

To the extent plaintiff is attempting to make other claims about the denial of medical care, the allegations in his complaint are insufficient.  Plaintiff fails to set out facts in the body of his complaint showing just what each defendant did that violated his rights.  Plaintiff must be more specific about each defendant's actions and show how those actions demonstrate that each defendant was deliberately indifferent to plaintiff's serious medical needs.

////

////

**CONCLUSION**

The court finds above that plaintiff states an ADA claim against the Warden. This court further finds that plaintiff fails to state any constitutional claims for relief cognizable under §1983. Plaintiff will be given a choice. Plaintiff may choose to proceed immediately on his ADA claim against the Warden or plaintiff may choose to file a second amended complaint. If plaintiff chooses to proceed now on his ADA claim, plaintiff will voluntarily dismiss all other claims and defendants.

If plaintiff chooses to file a second amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a person deprives another of a constitutional right if that person was personally involved in the deprivation, set in motion acts by others that resulted in the deprivation, or refused to terminate acts by others that resulted in the deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.

////

R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to amend the Complaint (ECF No. 16) is DENIED as moot given that the court had already granted plaintiff leave to amend in its screening order docketed on August 13, 2024.
2. Plaintiff has stated a minimally sufficient claim against the Warden of HDSP for violation of his rights under the Americans with Disabilities Act.
3. Plaintiff's other claims and defendant are dismissed with leave to amend.
4. Plaintiff may choose to proceed on his cognizable claim set out above or he may choose to amend his complaint. If plaintiff chooses to proceed on his cognizable claim in the first amended complaint, he shall voluntarily dismiss his other claims and defendants.
5. Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

///
///
///

    6. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: December 3, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  JEFFREY DICKERSON,                    No. 2:24-cv-0895 SCR P
12              Plaintiff,
13       v.                               PLAINTIFF'S NOTICE ON HOW TO
                                          PROCEED
14  WARDEN, et al.,
15              Defendants.

16
17  Check one:
18  _____ Plaintiff wants to proceed immediately on his ADA claim against defendant Warden.
19  Plaintiff understands that by going forward without amending the first amended complaint he is
20  voluntarily dismissing all other claims and defendants.
21
22  _____ Plaintiff wants to amend the first amended complaint.
23
24  DATED:_____
25
26                                              _____
                                                Jeffrey Dickerson, Plaintiff
27
28
                                            1